**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| ABID SYED, | : | |
| | : | |
| | : | Civil Action No. 26-1244 (BRM) |
| Petitioner, | : | |
| | : | |
| v. | : | **ORDER TO ANSWER** |
| | : | |
| RUBEN PEREZ, et al., | : | |
| | : | |
| Respondents. | : | |
| | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Petitioner Abid Syed's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging is potential future detention by immigration authorities (ECF No. 1) and a Motion for a Temporary Restraining Order ("TRO") or a Preliminary Injunction ("PI") (ECF No. 2).

Petitioner has paid the $5.00 filing fee. In accordance with Rule 4 of the Rules Governing Section 2254 Cases, which is applicable to § 2241 cases through Rule 1(b) of the Rules Governing Section 2254 Cases, this Court has screened the Petition for dismissal and determined that dismissal without an answer and the record is not warranted.

Petitioner requests a TRO enjoining Petitioner's arrest and detention by Immigration Customs and Enforcement ("ICE") authorities. (*See generally* ECF No. 2). Federal Rule of Civil Procedure 65 governs TROs and preliminary injunctions. "If there is a possibility that irreparable injury will occur before the hearing on a preliminary injunction required by Rule 65(a) can be held, a temporary restraining order may be available under Rule 65(b)." *Int'l Foodsource, LLC v. Grower Direct Nut Co.*, No. 16-3140, 2016 WL 4150748, at *6 (D.N.J. Aug. 3, 2016). Such

"[i]njunctive relief is an extraordinary remedy and should be granted only in limited circumstances." *See Westchester Fire Ins. Co. v. Glob. Real Constr., LLC*, No. 09-0207, 2009 WL 137414, at *1 (D.N.J. Jan. 20, 2009) (quoting *Kos Pharm. Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)). A court may grant temporary restraints only if a party shows: "(1) that it will likely succeed on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Spectrum Produce Distrib., Inc. v. Fresh Mktg., Inc.*, No. 11-6368, 2011 WL 13063669, at *2 (D.N.J. Nov. 1, 2011). The primary purpose of a preliminary injunction is the maintenance of the status quo until a decision on the merits of a case is rendered. *See Acierno v. New Castle Cnty.*, 40 F.3d 645, 647 (3d Cir. 1994). Where, the movant seeks to alter the status quo, that party must meet a heavy burden. *See Punnett v. Cater*, 621 F.2d 578, 582 (3d Cir. 1980). Here, to maintain the status quo while the Court awaits briefing, Respondents are temporarily enjoined from arresting and detaining Petitioner without forty-eight-hour notice to the Court.

The Court finds briefing from Respondents is necessary and Respondents shall brief if Petitioner is "in custody" for the purpose of habeas relief regarding his challenge to the prospective possibility of future detention and whether a challenge to that possibility of future detention is ripe for adjudication. Additionally, Respondents shall address the merits of Petitioner's claims in his Petition, including briefing on (1) Petitioner's due process arguments, and (2) whether the Court has jurisdiction to consider Petitioner's regarding his removability.

Accordingly,

**IT IS**, on this 7th day of February 2026,

**ORDERED** that the Clerk of the Court shall serve a copy of the Petition, (ECF No. 1), and this Order upon Respondents by regular mail, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk of the Court shall forward a copy of the Petition, (ECF No. 1), and this Order to the Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** that Motion for a TRO (ECF No. 2) is **<u>GRANTED solely to the extent the Respondents are enjoined from arresting and detaining Petitioner without forty-eight-hour notice to the Court, while the Court awaits briefing in this matter and until further Order from the Court</u>**; and it is further

**ORDERED** <u>that within seven (7) days of the date of the entry of this Order, Respondents shall file a response to Petitioner's Motion for a TRO/PI (ECF No. 2); Respondents shall specifically address if (1) Petitioner is "in custody" for the purpose of habeas relief regarding his challenge to the prospective possibility of future detention, and (2) whether a challenge to that possibility of future detention is ripe for adjudication</u>; and it is further

**ORDERED** that within seven (7) days of the date of the entry of this Order, Respondents shall electronically file a full and complete answer to said Petition, which responds to the factual and legal allegations of the Petition paragraph by paragraph; and it is further

**ORDERED** that the answer shall state the statutory authority for Petitioner's detention, *see* 28 U.S.C. § 2243, and provide the relevant legal analysis and record evidence supporting the asserted statutory basis for detention; and it is further

**ORDERED** that Respondents shall raise by way of the answer any appropriate defenses which Respondents wish to have the Court consider, including, but not limited to, exhaustion of

3

administrative remedies, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate legal authority; and it is further

**ORDERED** that Respondents shall electronically file with the answer certified copies of the administrative record and all other documents relevant to Petitioner's claims; and it is further

**ORDERED** that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; and it is further

**ORDERED** that Petitioner may file and serve a reply in support of the Petition and the TRO/PI Motion within five (5) days after the answer is filing; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of the Order upon the parties electronically.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

4