<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ABID SYED,<br><br>                Petitioner,<br><br>v.<br><br>RUBEN PEREZ, *et al.*,<br><br>                Respondents. | Case No. 2:26-cv-01244 (BRM)<br><br>**MEMORANDUM OPINION AND ORDER** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Petitioner Abid Syed's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging his potential future detention by immigration authorities. (ECF No. 1.) The Court previously granted in part Petitioner's Motion for a Temporary Restraining Order ("TRO") and enjoined Respondents from arresting and detaining Petitioner, while the Court awaited briefing in this matter. (*See* ECF No. 3.) Respondents have filed a letter response (ECF Nos. 7, 8), and Petitioner replied (ECF No. 9).

According to the Petition, Petitioner first entered the United States in 1997 on a student visa. (ECF No. 1 at 7.) In October 2012, Petitioner's adjustment of status application was granted, and he became a legal permanent resident. (*Id.* at 8.)

On June 17, 2014, Petitioner was arrested and charged with tampering with records. (*Id.*) The date of the offense was November 25, 2013. (*Id.*) On April 26, 2016, Petitioner was sentenced to one count of tampering with records in violation of N.J. Stat. Ann. § 2C:21-4B and placed on probation for two years. (*Id.*) On August 25, 2017, Petitioner's probation was discharged early due to full compliance. (*Id.*)

On April 11, 2022, Petitioner was charged with violation of 18 U.S.C. § 371 in *United States v. Syed*, Dkt. No. 22-cr-818. (*Id.* at 9.) The Government charged Petitioner with conspiring to pay kickbacks in exchange for the referral of COVID-19 tests, for which payment was made in whole or in part under a federal health care program, contrary to the federal Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b)(2)(B), in violation of 18 U.S.C. § 371. (*Id.*) Petitioner subsequently pled guilty to one Anti-Kickback related count. (*Id.*) On December 2, 2025, the Court sentenced Petitioner to one year of probation, with standard conditions. (*Id.*)

On January 27, 2026, Department of Homeland Security ("DHS") agents arrived at Petitioner's home and requested he "come with them . . . falsely claim[ing] that Petitioner was in violation of the terms of his probation." (*Id.* at 10.) Through counsel, Petitioner told the DHS agents he was not in violation of his probation, and he refused to go with the DHS agents. (*Id.*) The Petition alleges that since January 27, 2026, DHS agents have "continued to stalk Petitioner," and he cannot leave his home without facing a substantial risk of detention. (*Id.* at 11–12.)

Petitioner claims DHS's threats of detention violate his Fifth Amendment rights, as immigration authorities may detain a noncitizen only pursuant to statutory authority tied to the initiation or execution of removal proceedings, and there are no pending removal proceedings against Petitioner. (*Id.* at 13.) Petitioner alleges DHS has, in effect, relegated Petitioner to home confinement. (*Id.* at 14.) Petitioner further asserts he is not removable based upon his recent conviction. (*Id.* at 14–17.)

Respondents submit that on January 26, 2026, a Warrant for Arrest of Alien was issued having determined probable cause existed that Petitioner is removable from the United States. (ECF No. 7 at 1.) On January 27, 2026, federal officers reported to Petitioner's home to effectuate

the warrant of arrest. (*Id.*) Respondents argue this matter is not ripe for review, as there is no "case or controversy." (*Id.* at 2.)

Article III of the Constitution limits the judicial power of the United States to "Cases" and "Controversies." U.S. Const. art. III, § 2. "This case-or-controversy limitation, in turn, is crucial in 'ensuring that the Federal Judiciary respects the proper—and properly limited—role of the courts in a democratic society.'" *Plains All Am. Pipeline L.P. v. Cook*, 866 F.3d 534, 539 (3d Cir. 2017) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006)). Courts enforce the case-or-controversy limitation of Article III of the United States Constitution through doctrines such as ripeness. *Id.*; *see Espinoza Sira v. Bondi*, Civ. A. No. 26-677, 2026 WL 353316, at *1 (D.N.J. Feb. 9, 2026). "At its core, ripeness works 'to determine whether a party has brought an action prematurely . . . and counsels abstention until such a time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine.'" *Plains All Am. Pipeline L.P.*, 866 F.3d at 539 (quoting *Peachlum v. City of York*, 333 F.3d 429, 433 (3d Cir. 2003)). Various concerns underpin the doctrine, "including whether the parties are in a 'sufficiently adversarial posture,' whether the facts of the case are 'sufficiently developed,' and whether a party is 'genuinely aggrieved.'" *Id.* (quoting *Peachlum*, 333 F.3d at 433–34.)

Applying the ripeness doctrine to Petitioner's § 2241 Petition, the Court finds Petitioner's claims regarding his potential arrest and detention by DHS, including the potential violation of his due process rights by DHS in securing that arrest and detention and the potential statutory authority Respondents may rely upon to detain him, are premature. Petitioner's argument regarding what process Respondents may provide Petitioner with and what authority they may use to detain him are speculative. *See Sira*, 2026 WL 353316, at *2 (finding petitioner's claim premature when his argument regarding "what authority [r]espondents may use to detain [p]etitioner" was "purely

3

speculative"); *see also Castro Valencia v. Perez*, Civ. A. No. 26-1695, 2026 WL 483450, at *2 (D.N.J Feb. 20, 2026) (same). "The facts of this claim are not 'sufficiently developed' because Petitioner has not been detained, and Petitioner only speculates regarding what authority Respondents may attempt to detain him under." *Sira*, 2026 WL 353316, at *2.

As this Court finds Petitioner's request for habeas relief premature, this matter will be dismissed as such. Accordingly, and for good cause appearing,

**IT IS** on this 5th day of March 2026,

**ORDERED** that the Petition (ECF No. 1) is **DENIED without prejudice**; and it is further

**ORDERED** that the Court's grant of a temporary injunction (ECF No. 3) is hereby lifted; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum Opinion and Order upon the parties electronically and **CLOSE** this matter.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**